# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MOUSEN YISAK ADEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:19-cv-01127 |
| STATE OF TENNESSEE, | ) ) JUDGE CAMPBELL |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Petitioner Mousen Yisak Aden, a state prisoner, filed an incomplete petition for the writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. No. 1). On February 11, 2020, the Court dismissed this action without prejudice for failing to comply with an Order instructing him to complete, sign, and return the Petition to the Clerk's Office within 28 days. (Doc. No. 15). On February 20, the Court received a filing from the Petitioner reflecting that he did, in fact, comply with the Court's instruction in a timely manner. (Doc. No. 16). Thus, as explained in more detail below, the dismissal Order will be vacated and this action will be reinstated. Upon preliminary review of the Petition, however, Petitioner will be ordered to show cause why the Petition should not be dismissed as untimely under the applicable statute of limitations.

## I. VACATING THE ORDER OF DISMISSAL

On January 6, 2020, the Court entered an Order instructing Petitioner to complete, sign, and return the Petition to the Clerk's Office within 28 days. (Doc. No. 10). This resulted in a deadline of February 6.[1] On February 11, because the Court did not receive the completed Petition

---

[1] Plaintiff was served with the January 6 Order by mail, so three days are added to the 28-day period. Fed. R. Civ. P. 6(d).

by the deadline, the Court dismissed this action without prejudice for failure to prosecute and failure to comply with the Court's previous Order. (Doc. No. 15).

On February 20, 2020, the Court received a completed Petition from Petitioner (Doc. No. 16 at 2–14), accompanied by a request to extend the February 6 deadline, if necessary (*id.* at 1). On the Petition itself, Petitioner stated that he placed the Petition in the prison mailing system on February 2. (*Id.* at 13). On the envelope containing both the Petition and the request for an extension, however, Petitioner wrote "outgoing legal mail sent Feb. 6th 2020." (*Id.* at 16).

The Court considers a prisoner's pleading, including a habeas corpus petition, to be filed on the date that he or she gave the pleading to prison officials for mailing. *See Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (footnote omitted) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Here, based on the February 6 date Petition wrote on the mailing envelope containing the Petition, Plaintiff's submission is timely under the Court's original deadline of February 6. Thus, it is unnecessary to extend the deadline.

Rule 59(e) of the Federal Rules of Civil Procedure permits a district court to alter or amend a judgment if a party submits a motion within 28 days after entry of the judgment. Here, the Court received Petitioner's completed Petition within 28 days after entry of the Order dismissing this action. Thus, the Court construes Petitioner's request for an extension of the deadline as a motion to alter or amend under Rule 59(e) and will grant the motion. As a result, this action will be reinstated to the Court's docket.

## II. PRELIMINARY REVIEW

The Petition is now before the Court for a preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). The Petition reflects that Petitioner is challenging a judgment of conviction for aggravated robbery out of the

Davidson County Criminal Court, imposed in 2010. (Doc. No. 16 at 2). For the following reasons, the Petition appears to be untimely, and Petitioner will be directed to show cause why this action should not be dismissed.

**A.     Background**

A Davidson County jury convicted Petitioner of aggravated robbery, and the trial court sentenced him to a term of 11 years' imprisonment. (Doc. No. 16 at 2); *State v. Aden*, No. M2011-02463-CCA-R3-CD, 2013 WL 615392, at *1 (Tenn. Crim. App. Feb. 19, 2013).[2] On February 19, 2013, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment. *Aden*, 2013 WL 615392, at *1. Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.

Petitioner has filed several motions for collateral review in the state courts since that time. According to the Petition, Petitioner filed a petition for post-conviction relief on October 11, 2013. (Doc. No. 16 at 3). The petition was pending until April 28, 2014, when Petitioner struck it. (*Id.*).

On July 10, 2014, Petitioner filed a pro se state habeas corpus petition in the Lauderdale County Circuit Court. (*Id.* at 4); *Aden v. Jones*, No. W2014-01977-CCA-R3-HC, 2015 WL 3881247, at *1 (Tenn. Crim. App. June 24, 2015). The court summarily denied relief, and the TCCA affirmed on June 24, 2015. *Aden*, 2015 WL 3881247, at *1. Petitioner again did not request permission to appeal to the Tennessee Supreme Court.

On November 16, 2015, Petitioner filed a miscellaneous pro se petition directly in the Tennessee Supreme Court, and that court dismissed it for lack of jurisdiction on November 25, 2015.     *See     Tennessee     State     Courts     Appellate     Case     Search*,

---

[2]     The Court "can take judicial notice of developments in related proceedings in other courts of record." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n.2 (6th Cir. 2012) (internal quotation marks omitted) (citing *Walburn v. Lockheed Martin Corp.*, 431 F.3d 996, 972 n.5 (6th Cir. 2005)).

3

https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=65150&Party=True, Order entered Nov. 25, 2015 (last visited Mar. 4, 2020).

Next, Petitioner states that he filed both a state habeas corpus petition (Doc. No. 16 at 3) and a motion to re-open his first post-conviction petition (*id.* at 7) in the Davidson County Criminal Court on December 5, 2016. As to the motion to re-open, the court denied relief on March 27, 2017. (*Id.*). Petitioner filed a notice of appeal, and the TCCA granted his request to voluntarily dismiss the appeal on July 6, 2017. *See Tennessee State Courts Appellate Case Search*, https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=70035&Party=True, Order entered July 6, 2017 (last visited Mar. 4, 2020).[3]

As to the state habeas corpus petition, the trial court denied relief and Petitioner appealed. *See Tennessee State Courts Appellate Case Search*, https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=72004&Party=True, Order entered Dec. 20, 2017 ("The Appellant is appealing the trial court's order summarily denying his request for habeas corpus relief.") (last visited Mar. 4, 2020). On March 15, 2018, the TCCA dismissed Petitioner's appeal. *See id.*, Order entered Mar. 15, 2018 (last visited Mar. 4, 2020).

Next, on September 3, 2019, Petitioner filed a pro se notice of appeal directly in the TCCA requesting a de novo review of his sentence, but he did not "identify any recent trial court order from which an appeal lie[d]." *See Tennessee State Courts Appellate Case Search*, https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=77363&Party=True, Order

---

[3] Although the publicly available filings for this appeal do not explicitly state the trial court proceedings from which Petitioner is appealing, it is reasonable to infer that this is an appeal of Petitioner's motion to re-open the post-conviction petition. This is so for three reasons: first, it is an appeal from the Davidson County Criminal Court—the court in which Petitioner alleged that he filed the motion to re-open; second, the TCCA received this notice of appeal on April 27, 2017—about 30 days after Petitioner alleges that the trial court denied relief on the motion to re-open; and third, it is clear that Petitioner's other appeal from around this same time pertained to his state habeas corpus petition, making it likely that this appeal is related to the motion to re-open.

entered Dec. 12, 2019 (last visited Mar. 4, 2020). The TCCA dismissed the appeal on February 27, 2020. *Id.*, Order entered Feb. 27, 2020 (last visited Mar. 4, 2020).

Meanwhile, on October 8, 2019, the Lauderdale County Circuit Court received another state habeas corpus petition from Petitioner. (Doc. No. 1-1 at 1.) This filing is attached to Petitioner's original, incomplete Petition, and the disposition of this proceeding is unclear.

Finally, the Western District of Tennessee received Petitioner's federal habeas corpus petition on December 3, 2019. (Doc. No. 1 at 1). The Petition itself is not dated (*id.* at 14), but the mailing envelope reflects that the Petition was received in the prison mailroom on November 29, 2019 (Doc. No. 1-5 at 1). The Western District transferred the Petition to this Court, and Petitioner declares that he gave the completed Petition to prison officials for mailing on February 6, 2020. (Doc. No. 16 at 15).

**B.      Timeliness of the Petition**

Under Habeas Rule 4, the Court must dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). Here, the face of the Petition reflects that it is not timely.

There is a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).

Here, Petitioner's claims are not based on the dates in subsection B, C, or D. Thus, the Court begins, as it does in most cases, by determining the deadline provided by subsection A. Because Petitioner filed a direct appeal of his conviction, the Court must determine "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A).

The TCCA affirmed Petitioner's judgment on February 19, 2013. Under Rule 11(b) of the Tennessee Rules of Appellate Procedure, Petitioner then had 60 days to file an application for permission to appeal to the Tennessee Supreme Court. He did not do so. Petitioner's judgment therefore became final when the period to file that application expired, on April 22, 2013.[4] The one-year period to file a federal habeas corpus petition started running the next day, on April 23, 2013. See Taylor v. Palmer, 623 F. App'x 783, 785 n.2 (6th Cir. 2015) (citing Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000)) ("[W]hen the last day of a designated time period ends, the next applicable time period does not begin until the following day.").

The running of the limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Petitioner states that he filed a post-conviction petition in the Davidson County Criminal Court on October 11, 2013. The Court accepts this assertion as true and considers the limitation period tolled as of that day. At that time, 171 days of the limitation

---

[4] Sixty days after February 19, 2013 was Saturday, April 20, 2013. Under Rule 21(a) of the Tennessee Rules of Appellate Procedure, the deadline extended to "the end of the next day" that was not a "Saturday, a Sunday, or a legal holiday."

period had elapsed. The limitation period remained tolled until this post-conviction petition was no longer pending, and Petitioner states that he struck this petition on April 28, 2014. The limitation period, therefore, started running again the next day, on April 29, 2014.

The limitation period continued to run until July 10, 2014, when Petitioner filed another "application for State post-conviction or other collateral review"—this time, in the form of a state habeas corpus petition in the Lauderdale County Circuit Court. By then, 72 more days of the limitation period had elapsed. That brought the total number of days elapsed in the limitation period to 243. On June 24, 2015, the TCCA affirmed the trial court's denial of relief. But the limitation period was tolled for another 60 days—"the period in which [Petitioner] could have, but did not, appeal the [TCCA's] denial of his motion for post-conviction relief" to the Tennessee Supreme Court. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Thus, the limitation period was tolled until August 24, 2015,[5] and started running again on August 25, 2015.

Petitioner's next state-court filing challenging his judgment for aggravated robbery was on November 16, 2015, when he filed a miscellaneous pro se petition directly in the Tennessee Supreme Court. It is unclear whether this filing actually tolled the limitation period, as the Court has serious doubts that it constituted "a properly filed application for State post-conviction or other collateral review." *See* 28 U.S.C. § 2244(d)(2). Nonetheless, for the purpose of this preliminary review, the Court assumes that it did. And by the time Petitioner submitted this filing, another 83 days of the limitation period had elapsed, bringing the total number of days elapsed to 326. This filing remained pending until the Tennessee Supreme Court dismissed it on November 25, 2015. The limitation period then started running again on November 26, 2015.

---

[5] Sixty days after June 24, 2015 was Sunday, August 23, 2015, so the deadline to file an application extended to the following Monday. *See* Tenn. R. App. P. 21(a).

7

At that point, even liberally construing the available record in his favor, Petitioner had 39 days remaining in the one-year limitation period. Accordingly, Petitioner's deadline to file a federal habeas corpus petition was January 4, 2016. He did not mail the blank Petition to the Western District of Tennessee until November 29, 2019, and he did not mail the completed Petition to this Court until February 6, 2020. Even giving Petitioner the benefit of the earlier date, it appears that the Petition is untimely by over three-and-a-half years.

To be sure, Petitioner unsuccessfully pursued collateral review in the state courts in several ways after the federal habeas corpus deadline expired. Those efforts include a motion to re-open his post-conviction petition, two state habeas corpus petitions, and a request for de novo review of his sentence filed directly in the TCCA. But these efforts did "not 'revive the limitations period' or 'restart the clock at zero.'" *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013) (quoting *Vroman v. Brigiano*, 346 F.3d 598, 602 (6th Cir. 2003)). Motions or petitions filed in state court after the federal limitation period expires have no effect on the timeliness of a federal habeas corpus petition. *See Ahart v. Bradshaw*, 122 F. App'x 188, 191 (6th Cir. 2005) (quoting *Vroman*, 346 F.3d at 602) ("[O]nce the one-year period has expired, state collateral review proceedings cannot 'restart the clock' on this period.").

**C.     Actual Innocence**

Petitioner seems to recognize that the Petition is untimely, as he filled out the section of the form Petition for explaining why the statute of limitations should not bar federal habeas review. (Doc. No. 16 at 12). There, Petitioner invokes the language of the actual innocence gateway to federal habeas review of claims that are otherwise time barred. (*Id.*; *see also id.* at 2, 5, 7, 8, 9, 12 (using some form of the terms "actual innocence" or "miscarriage of justice").) But Petitioner has not demonstrated that the actual innocence gateway applies here.

The Court "cannot consider a petitioner's untimeliness as 'an absolute barrier to relief'" when it is "faced with a proper showing of actual innocence." *Penny v. United States*, 870 F.3d 459, 462 (6th Cir. 2017) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013)). "Instead, under the miscarriage of justice exception, a prisoner whose claim may otherwise be barred by various federal or state procedural rules 'may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" *Id.* (quoting *McQuiggin*, 569 U.S. at 392). But this "miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 394–95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Petitioner has not come close to satisfying this tough standard. Indeed, Petitioner does not point to any new evidence whatsoever. Petitioner, instead, states that prison officials interfered with his mail and ability to conduct legal research throughout 2017 and 2018. (Doc. No. 16 at 9, 12). This vague allegation has no bearing on whether Petitioner is actually innocent of aggravated robbery under Tennessee law. At this time, therefore, Petitioner cannot rely on this gateway to gain consideration of his claims on the merits.

**D. Equitable Tolling**

The Court also notes that the "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling is "a doctrine that 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783

(6th Cir. 2010)). The doctrine of equitable tolling is applied "sparingly." *Id.* (quoting *Robertson v. Simpson*, 624 F.3d at 784).

A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ata*, 662 F.3d at 741 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)) ("[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling."). Here, Petitioner does not explicitly contend that he is entitled to equitable tolling. But considering what little argument Petitioner makes regarding timeliness, he has not demonstrated that equitable tolling applies.

Petitioner alleges that prison officials "denied [him] legal material from 2017 to [the] end of 2018." (Doc. No. 16 at 12). But Petitioner cannot rely on this single statement, unsupported by any specific facts, to explain why extraordinary circumstances prevented him from filing his federal habeas corpus petition in a timely manner. Any difficulties Petitioner faced in accessing legal materials in 2017 and 2018 occurred well after the deadline for Petitioner to file a federal habeas petition expired on January 4, 2016.[6] Moreover, the Sixth Circuit has explained that a prisoner's "pro se status and limited law-library access" are not "extraordinary circumstances." *See Hall*, 662 F.3d at 751.

---

[6] Further, this Court's records establish that Petitioner submitted several new cases, motions, and miscellaneous filings during both the limitation period and the period he claims he was deprived of access to legal materials. *See Aden v. Accord*, 3:14-cv-02397, Doc. Nos. 1, 8, 9, 10, 15 (M.D. Tenn. filings in 2014 and 2015); *Aden v. Somalia Permanent Mission to U.N., et al.*, 3:15-cv-00513, Doc. Nos. 1, 2, 3 (M.D. Tenn. filings in 2015); *Aden v. United States of America*, 3:15-cv-01180, Doc. Nos. 1, 5, 6, 14 (M.D. Tenn. filings in 2015 and 2016); *Aden v. State of Tennessee, et al.*, No. 3:17-cv-00867, Doc. Nos. 1, 2, 6, 8 (M.D. Tenn. filings in 2017 and 2018).

Petitioner also has not demonstrated that he was diligent in pursuing his rights. By even the most accommodating calculation, Petitioner missed the deadline to file by over three-and-a-half years. This is beyond an amount of time that the Sixth Circuit has previously considered to be "excessive and inappropriate for the application for equitable tolling." *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463–64 (6th Cir. 2012) (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011)) (finding that a delay of three years in pursuing post-conviction relief to reflect a lack of diligence); *Robinson*, 424 F. App'x at 443 (citations omitted) ("[T]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half.").

### III. CONCLUSION

For all of these reasons, the Clerk will be directed to vacate the Order of dismissal and reinstate this action to the Court's docket. Upon preliminary review of the Petition, however, it appears that the Petition is untimely. It also appears that Petitioner has not presented any evidence of his actual innocence, and that he is not entitled to equitable tolling. Thus, Petitioner will be directed to show cause why the Petition should not be dismissed.

The Court will enter an appropriate Order.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE