IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOUSEN YISAK ADEN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    NO. 3:19-cv-01127 |
| | ) |
| STATE OF TENNESSEE, | )    JUDGE CAMPBELL |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Mousen Yisak Aden, a pro se state prisoner, filed a petition for the writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. No. 1; Doc. No. 16 at 2–14). On March 5, 2020, the Court entered a Memorandum Opinion explaining that the Petition appeared to be barred by the applicable statute of limitations, (Doc. No. 17), and ordered Petitioner to show cause why the Petition should not be denied on that basis, (Doc. No. 18). In response, Petitioner filed three notices (Doc. Nos. 19, 23, 25), four motions (Doc. Nos. 20, 21, 22, 24), and a memorandum (Doc. No. 26). The Court has reviewed and considered all of these filings. And for the following reasons, the Petition will be dismissed as untimely.

### I. BACKGROUND

Petitioner is challenging his 2010 conviction for aggravated robbery in the Davidson County Criminal Court. (Doc. No. 16 at 2). The full background relevant to the Petition's timeliness is found in the Court's previous Memorandum Opinion, (Doc. No. 17 at 3–5), and the Court will provide a brief summary here.

There is a one-year statute of limitations for filing federal habeas corpus petitions. (*Id.* at 5–6). Considering the relevant state court proceedings, the Court determined that the deadline for

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MOUSEN YISAK ADEN, | ) | |
|   Petitioner, | ) | |
| v. | ) | NO. 3:19-cv-01127 |
| STATE OF TENNESSEE, | ) | JUDGE CAMPBELL |
|   Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Mousen Yisak Aden, a pro se state prisoner, filed a petition for the writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. No. 1; Doc. No. 16 at 2–14). On March 5, 2020, the Court entered a Memorandum Opinion explaining that the Petition appeared to be barred by the applicable statute of limitations, (Doc. No. 17), and ordered Petitioner to show cause why the Petition should not be denied on that basis, (Doc. No. 18). In response, Petitioner filed three notices (Doc. Nos. 19, 23, 25), four motions (Doc. Nos. 20, 21, 22, 24), and a memorandum (Doc. No. 26). The Court has reviewed and considered all of these filings. And for the following reasons, the Petition will be dismissed as untimely.

### I. BACKGROUND

Petitioner is challenging his 2010 conviction for aggravated robbery in the Davidson County Criminal Court. (Doc. No. 16 at 2). The full background relevant to the Petition's timeliness is found in the Court's previous Memorandum Opinion, (Doc. No. 17 at 3–5), and the Court will provide a brief summary here.

There is a one-year statute of limitations for filing federal habeas corpus petitions. (*Id.* at 5–6). Considering the relevant state court proceedings, the Court determined that the deadline for

Petitioner to file his petition was January 4, 2016. (*Id.* at 5–8). Thus, even assuming Petitioner filed the Petition when he placed a mostly-blank form in the mail on November 29, 2019, the Court concluded that the Petition was untimely by over three-and-a-half years. (*Id.*).

The Court then considered whether Petitioner made the equitable showing necessary to avoid this procedural barrier, be it through actual innocence or equitable tolling. (*Id.* at 8–11). The standards associated with both doctrines are difficult to meet, and the Court concluded that Petitioner had not done so. (*Id.*).

The Court therefore ordered Petitioner to show cause why the Petition should not be dismissed as barred by the statute of limitations. (Doc. No. 18). Petitioner responded through several miscellaneous filings. (Doc. Nos. 19–26). The timeliness issue is now ripe for determination. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (citations omitted) (explaining that a district court may consider the timeliness of a state prisoner's habeas petition on its own initiative after "accord[ing] the parties fair notice and an opportunity to present their positions").

## II. ANALYSIS

Throughout his responsive filings, Petitioner does not dispute the Court's calculation of the deadline for filing his federal habeas petition. Thus, Petitioner essentially concedes that, under the applicable statute of limitations, his Petition was due on or before January 6, 2016. Additionally, he does not squarely respond to the Court's analysis regarding equitable tolling. The closest Petitioner comes is arguing that the Court should disregard the "procedural[] default[]" of his claims because he has "had to learn on the go." (Doc. No. 26 at 5). But the Sixth Circuit Court of Appeals has "repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." *Taylor v. Palmer*, 623 F. App'x 783, 790 (6th Cir. 2015) (citations omitted). The Petition, therefore, does not qualify for equitable tolling.

2

Petitioner does respond to the Court's analysis regarding actual innocence. In fact, he argues the point repeatedly. (*See* Doc. No. 19 at 1; Doc. No. 20 at 1; Doc. No. 22 at 1; Doc. No. 23 at 1, 4–5; Doc. No. 26 at 4–6, 25, 27). According to Petitioner, there are several pieces of evidence that establish his actual innocence within the state court record, including a police report, the indictment, the entire trial transcript, the judgment, and various state court opinions. (Doc. No. 19 at 1; Doc. No. 20 at 1; Doc. No. 23 at 1–4; Doc. No. 25 at 1; Doc. No. 26 at 1, 4). Although he does not claim to possess this evidence, Petitioner requests that the Court order the State of Tennessee to produce it. (Doc. No. 19 at 1; Doc. No. 20 at 1; Doc. No. 23 at 5; Doc. No. 26 at 1).

Even if Petitioner's description of these documents is accurate, however, he cannot rely on them to establish his actual innocence. As the Court previously explained, this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 324).

Here, Petitioner does not refer to any new evidence whatsoever. Indeed, he asserts that the evidence exists on the "face of the record,"[1] (Doc. No. 25 at 1; Doc. No. 26 at 4), not from any

---

[1] Given this reference, and Petitioner's citation to Tennessee statutes regarding state habeas corpus, (*see* Doc. No. 26 at 26), it appears that Petitioner may be improperly relying on the standard Tennessee courts use to consider whether to grant state habeas corpus relief. *See Aden v. Jones*, No. W2014-01977-CCA-R3-HC, 2015 WL 3881247, at *1 (Tenn. Crim. App. June 24, 2015) (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993)) ("Habeas corpus relief is appropriate 'only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of

3

"new facts," *see Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 317) ("[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'"). Petitioner, therefore, has not met the extraordinarily high bar for excusing untimely claims due to actual innocence.

Because this is a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability may issue only if Petitioner "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is denied on procedural grounds, Petitioner "must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes jurists of reason would not disagree that the Petition is barred by the statute of limitations, and will therefore deny a certificate of appealability.

### III. CONCLUSION

For these reasons, the Petition is untimely and is not subject to an equitable exception. Accordingly, the Petition is **DENIED** and Petitioner's miscellaneous motions (Doc. Nos. 20, 21, 22, 24) are **DENIED** at moot. This action is **DISMISSED**, and the Court **DENIES** a certificate of appealability. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

---

imprisonment or other restraint has expired.'") (internal quotation marks omitted). That standard has no bearing on this federal habeas corpus proceeding.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE